UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE DOBRY,

     Plaintiff,

v.

SHARKNINJA OPERATING LLC,

     Defendant.

Case No. 4:25-cv-10042
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION TO SEAL (ECF NO. 23),
GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 22), AND
STRIKING PLAINTIFF'S REPLY BRIEF (ECF NO. 29)**

**A.    Background**

Plaintiff Suzanne Dobry brought this action in Macomb County Circuit, and

Defendant SharkNinja removed the case to this Court on January 6, 2025.  (ECF

No. 1.)  On March 27, 2024, Judge Shalina D. Kumar issued a scheduling order

(ECF No. 11) and then referred the case to me for all discovery matters pursuant to

28 U.S.C. § 636(b) (ECF No. 12).

Plaintiff filed the instant motion to compel on November 17, 2025 (ECF No.

22), along with a motion to seal Exhibit 7 to the motion (ECF No. 23).  The matter

has been fully briefed, and I conducted a hearing on December 17, 2025.

**B.     Order**

Upon consideration of the motion papers and oral argument, and for all the

reasons stated on the record by the Court, <u>which are hereby incorporated by</u>

<u>reference as though fully restated herein</u>, the Court orders as follows:

Plaintiff's motion to seal (ECF No. 23) is **DENIED.**  Unlike information

merely exchanged between the parties, "[t]he public has a strong interest in

obtaining the information contained in the court record." *Shane Group, Inc. v. Blue*

*Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (*quoting Brown*

*& Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)); *see*

*also generally, Nixon v. Warner Comms*., 435 U.S. 589, 597, 98 S.Ct. 1306 (1978).

There is a "strong presumption" in favor of open court records. *Shane Grp., Inc.*,

825 F.3d at 305.  The party seeking to seal records before the court has the burden

of overcoming that presumption and "[t]he burden is a heavier one than for a

protective order [as]: 'Only the most compelling reasons can justify non-disclosure

of judicial records.'" *Id*. at 305-06 (quoting *In re Knoxville News-Sentinel Co.*, 723

F.2d 470, 476 (6th Cir. 1983)).  "Moreover, the burden of 'demonstrat[ing] − *on a*

*document-by-document, line-by-line basis* − that specific information in the court

record meets the demanding requirements for a seal' is first borne by the party that

seeks it, not by the district court."  *Grae v. Corrections Corp. of Am.*, 134 F. 4th

927, 932 (6th Cir. 2025) (quoting *Shane*, 825 F. 3d at 308) (emphasis added).

Although the motion to seal was brought by Plaintiff, it is actually Defendant who seeks to have Exhibit 7 (and its supplement, Exhibit 11) filed under seal.  And neither Defendant, nor Plaintiff, has overcome the strong presumption against sealing records in civil cases, particularly since *the parties have already redacted the most sensitive information on the exhibit.*  As such, for the reasons more fully explained on the record, the motion to seal (ECF No. 23) is **DENIED.**  Plaintiff is **DIRECTED** to file a supplement to her motion by **December 24, 2025**, which includes Exhibit 7 and Exhibit 11 in their present, redacted state.

Plaintiff's motion to compel (ECF No. 22), as framed by the joint statement of resolved and unresolved issues (ECF No. 31), is **GRANTED.**[1]  In making this determination, the Court is mindful of Federal Rule of Civil Procedure 26(b)(1), which allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."  The Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

---

[1] The parties have resolved all issues except for whether Defendant must produce the names and telephone numbers of people who have informed Defendant of exploding pitchers.

benefit." *Id.* Finally, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

The Court finds the names and telephone numbers of customers who informed Defendant of prior similar incidents of exploding pitchers is relevant to both Plaintiff's claims as well as Defendant's affirmative defenses (specifically Affirmative Defense Nos. 1, 3, 5, 6, 11, 12, & 16), and proportional to the needs of the case. The number of potential names and numbers is relatively small and any burden on Defendant is negligible. There has been no showing that the information is privileged, and instead Defendant relies primarily on the nebulous "privacy interests" of its disgruntled customers. The Court is not persuaded that Defendant has articulated a significant privacy interest that would justify withholding the information Plaintiff seeks (information which amounts to essentially the contact information of potential witnesses). The Court finds the information discoverable and will order its production consistent with other courts who have rejected privacy arguments under similar circumstances. *See Lutes v. Kawasaki Motors Corp*., 2014 WL 5420205, Civ. No. 3:10CV1549, *6 (D. Conn. 2014) (ordering production of customer information who made warranty claims against the defendant's product involving incidents similar to those alleged in the lawsuit); *Pham v. Wal-Mart*, 2011 U.S. Dist. LEXIS 130038, Case No. 2:11-cv-01148 (D. Nev. 2011) (rejecting privacy objections to order production of name

4

and address or telephone number of other claimants after redacting their social security numbers)

Accordingly, as more fully detailed on the record, Plaintiff's motion to compel (ECF No. 22) is **GRANTED** as to the sole remaining issue. Defendant is **DIRECTED** to produce the names and telephone numbers by **December 24, 2025.** The information produced will be subject to the protective order (ECF No. 18) and may only be used for purposes of this litigation. While Plaintiff's counsel will be allowed to contact the individuals, the Court expects as officers of the court they will not needlessly harass them.

Finally, Plaintiff's reply brief (ECF No. 29) is **HEREBY STRICKEN** for failure to adhere to the local rules. The reply brief utilized font in significantly smaller font size than the requisite 14-point font, and if corrected would be result in a reply over the page limit allowed for reply briefs. *See* E.D. Mich. LR 5.1(a)(3) & 7.1(d)(3)(B).

No costs will be awarded as Plaintiff has waived any request for costs or fees. *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[2]

Dated:  December 17, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).